## Commonwealth v. Mellinger

S. V. Hosterman, district attorney, for Commonwealth.

M. M. Harnish, for defendant.

GROFF, P. J., January 9, 1932.—In this case the defendant is indicted under the Fraudulent Check Act of April 18, 1919, P. L. 70, for having, on or about May 3, 1930, given to the Lancaster Coca Cola Bottling Works a check on The Lancaster Trust Company "in the sum of $65 and signed by the said Arthur G. Mellinger, he then and there knowing that he had not sufficient funds in or credit with the said The Lancaster Trust Company for the payment of said check."

This case was submitted to the jury by the court in a charge which is not complained about. The principal reason given by the defendant for granting him a new trial is that the "Commonwealth did not prove that notice of said

check not being paid had been given to defendant as required under the Act of 1919, P. L. 70, under which defendant was indicted."

The question as to whether or not notice must be given under section three of the above act before suit can be brought is a much disputed question among the lawyers of our bar, and the court has never announced a definite rule on that point.

In the case of Com. *v.* Rush and Harnett, 78 Pa. Superior Ct. 404, the first paragraph of the syllabus reads:

"The offense created by Act of April 18, 1919, P. L. 70, making it a misdemeanor for any person, with intention to defraud, to make or draw or utter or deliver any check, draft or order for payment of money on any bank, or other depository, knowing that the maker had not sufficient funds with such bank for payment of the check, is a new one, and the statute is to be strictly construed."

Section one of the said act creates, or describes, the offense. In this particular case, the allegation in the indictment is that the defendant did "make, draw, utter and deliver a check" upon a banking institution, namely, The Lancaster Trust Company, with intent to defraud, etc., "he then and there knowing that he had not sufficient funds in or credit with the said The Lancaster Trust Company for the payment of said check."

. If that is true, and the jury found that it was, then the defendant is guilty in the manner and form as he stands indicted, whether or not he had received notice that such check, draft or order had not been paid to the drawee. We think that the only effect of section three is to change the burden of the proof. If the notice has not been given, the defendant can be found guilty of the offense, but the burden of proof is on the Commonwealth. If the ten days' notice has been given, under section three of the act above. cited, then the burden of proof is shifted from the Commonwealth, whose duty it is in ordinary crimes to prove the guilt of the defendant beyond peradventure, to the defendant, who has the burden of establishing his innocence, after proof of the notice required to be given in section three of the said act.

We find there is no virtue in the first reason given by defendant for a new trial.

The second reason assigned by the defendant is: "The court erred in permitting Commonwealth to offer new testimony after Commonwealth had closed case." The Commonwealth had rested and then asked to have the case opened, before defendant started its defense, for the purpose of showing that the defendant had notice of the nonpayment of the check. We feel there was no error in this, and we will not disturb the verdict of the jury by reason thereof.

The defendant's third reason for a new trial is that "the court erred in refusing to give binding instructions for defendant on plaintiff's point submitted, which was as follows: 'Under the law and the evidence, the verdict must be for the defendant.' " In this case the Commonwealth's evidence, if believed, established the guilt of the defendant. The defendant's own testimony denied his guilt and raised a question of fact, which was submitted to the jury for their decision. In this we find there was no error.

From the whole record and the law as we now see it, we think the conviction was justified, and we, therefore, discharge the rule for a new trial and direct that the defendant present himself at such time as shall be fixed by the district attorney for sentence.

Rule for new trial discharged.

From George Ross Eshleman, Lancaster, Pa.